EXHIBIT "A"

| | | |
|---|---|---|
| FLOSSIE SEARS | *Stephanie [signature]*<br>RECEIVED AND FILED<br>CLERK OF COURT | NUMBER: 74815 |
| VERSUS | 2015 AUG 28 P 2: 31 | 26TH JUDICIAL DISTRICT COURT |
| VINSOLUTIONS, INC., MORGAN PONTIAC, INC., BANK OF AMERICA, N.A., TD AUTO FINANCE, LLC, CHASE BANK USA, N.A., and WHITNEY BANK | —DY | WEBSTER PARISH, LOUISIANA |

## PETITION

NOW INTO COURT, through undersigned counsel, comes Plaintiff FLOSSIE SEARS, hereinafter referred to as "plaintiff," who respectfully seeks and prays for Judgment in her favor and against defendants, VINSOLUTIONS, INC., MORGAN PONTIAC, INC., BANK OF AMERICA, N.A., TD AUTO FINANCE, LLC, CHASE BANK USA, N.A., and WHITNEY BANK, jointly, severally and in solido to the maximum possible extent, for an award of damages and remedies requested, together with an award of attorneys' fees, court costs and litigation expenses and judicial interest from demand until paid in full, as follows:

1.

Plaintiff, FLOSSIE SEARS, is a major domiciliary of Sibley, Webster Parish, Louisiana.

2.

Plaintiff was damaged in Webster Parish, Louisiana, by the acts, omissions and fault of the defendants.

3.

Made defendants herein are:

[a]   VINSOLUTIONS, INC., [herein after also referred to as "VIN"], which is a foreign corporation, not authorized to do but doing business in the State of Louisiana, and operating as a computerized information and support systems supplier to automobile dealers and lenders, including MORGAN PONTIAC, INC., which may be served with process under the Louisiana Long-Arm statute through: VINSOLUTIONS, INC., c/o President/CEO or other officer or director, 5700 Broadmoor, Mission, Kansas 66202; and

[b]   MORGAN PONTIAC, INC., [herein after also referred to as "MORGAN"], which is a foreign corporation, authorized to do ad doing business in the State of Louisiana, and operating as an automobile dealer, which may be served with process through its designated and authorized agent for service of process in Louisiana: Michael Morgan,

Page 1 of 9

8757 Business Park Drive, Shreveport, Louisiana 71105;

[c] BANK OF AMERICA, N.A., [herein after also referred to as "BOFA"], which is a national banking entity, authorized to do and doing business in the State of Louisiana, and operating as a bank and indirect automobile lender, which may be served with process under the Louisiana Long-Arm statute through: BANK OF AMERICA, N.A. c/o President/CEO or other officer or director, 101 Tryon Street, Charlotte, North Carolina 28255; and

[d] TD AUTO FINANCE, LLC, [herein after also referred to as "TD-AUTO"], which is a foreign limited liability company, authorized to do and doing business in the State of Louisiana, and operating as an indirect automobile lender, which may be served with process through its designated and authorized agent for service of process in Louisiana: CT CORPORATION SYSTEM, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808; and

[e] CHASE BANK USA, N.A., [herein after also referred to as "CHASE"], which is a national banking entity, authorized to do and doing business in the State of Louisiana, and operating as a bank and indirect automobile lender, which may be served with process under the Louisiana Long-Arm statute through: CHASE BANK USA, N.A. c/o President/CEO or other officer or director, 200 White Clay Center Drive, Newark, Delaware 19711; and

[f] WHITNEY BANK, [herein after also referred to as "WHITNEY"], which is a foreign corporation and state [Mississippi] chartered banking entity, authorized to do and doing business in the State of Louisiana, and operating as a bank and indirect automobile, which may be served with process through its designated and authorized agent for service of process in Louisiana: CT CORPORATION SYSTEM, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808.

Defendants may be referred to collectively as "defendants."

4.

Plaintiff is married but lives separate and apart from her husband and that separation has existed for many years. Plaintiff does not share joint credit or income or debts with her husband and has not formed a community.

Page 2 of 9

5.

On or about May 22, 2015, plaintiff's husband went to MORGAN and purchased a vehicle and executed a promissory note in his name only.

6.

Upon information and belief, on or prior to May 22, 2015, MORGAN's management and employees were advised that Plaintiff was not part of the purchase or credit request.

7.

Upon information and belief, on or about May 22, 2015, MORGAN's management and employees utilize computer credit software from VIN which required MORGAN to type Plaintiff's husband's name into the VIN software inquiry data fields.

8.

Upon information and belief, on or about May 22, 2015, MORGAN's management and employees submitted plaintiff's husband's personal identifiers to VIN and VIN returned a data report to MORGAN which included plaintiff's personal identifiers.

9.

Upon information and belief, on or about May 22, 2015, MORGAN's management and employees submitted plaintiff's husband's promissory note and credit request to its co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, and specifically submitted the VIN report listing plaintiff's personal identifiers as part of the VIN report.

10.

Plaintiff had not had any dealings with MORGAN in May, 2015, and MORGAN had no reason to believe that Plaintiff was part of any purchase or credit request by her estranged husband.

11.

Plaintiff had previously purchased a vehicle from MORGAN and MORGAN was well aware that Plaintiff and her estranged husband did not live together, did not bank together, had no joint credit, joint debt or joint purchases.

12.

MORGAN transmitted plaintiff's personal identifiers to its co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, and this triggered its co-defendants, CHASE, TD-AUTO,

WHITNEY, and BOFA, to make multiple improvident and illegal credit inquiries into plaintiff's credit reports from one or more national consumer reporting agencies.

13.

MORGAN did not possess nor did it transmit to its co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, any signed credit application, executed note, or other indicia of any dealings whatsoever with Plaintiff.

14.

Co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, made impermissible inquiries into plaintiff's consumer [credit] reports as generated by one or more national consumer reporting agencies without any request or other permissible purpose as defined by law.

15.

Co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, have user/subscriber contracts with one or more national consumer reporting agencies and such contracts constitute a required written certification that these co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, will only make inquiries for and obtain protected consumer [credit] reports for a legally permissible purpose and no others.

16.

The written certifications and agreements by the co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA contain a stipulated benefits and required protection for all consumers whose protected consumer [credit] reports are accessed by these respective users/subscribers.

17.

Despite the written certifications and agreements by the co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, which contained the stipulations pour autrui in favor of plaintiff and all other consumers whose reports would be accessed by these respective co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, from the one or more national consumer reporting agencies, the co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, violated those user/subscriber agreements by impermissibly accessing plaintiff's consumer [credit] reports for a purpose other than the purposes each of the co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, stated in the respective user/subscriber contracts.

18.

The written certification made to each of the one or more national consumer reporting agencies by the co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, allowed the one or more national consumer reporting agencies to issue and sell protected consumer [credit] reports to these co-defendants and reciprocally those co-defendants to seek and obtain the protected consumer [credit] reports but only for a lawful and stated certified purpose[s] and no others.

19.

The co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, breached those user/subscriber contracts and Plaintiff is a beneficiary of those agreements and has been damaged by the breaches by these co-defendants and inquiries made under false pretenses by co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA.

20.

Further, these co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, were acting as an agent and partner of MORGAN in making these impermissible and illegal inquiries.

21.

Plaintiff has a credit score of approximately 800 as scored through the risk model used by Equifax Information Services, LLC, one of the national consumer reporting agencies, which co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, made inquiries.

22.

The illegal "loan shopping" style inquiries in mass prompted and triggered by the collective defendants caused plaintiff's credit score to plummet and decrease by a large number of score point and Plaintiff's consumer [credit] reports facially bore notations of the credit inquiries.

23.

Credit inquiries are damaging to a consumer's consumer [credit] report and credit scores as inquiries are an indication that a consumer is seeking credit and thereby increasing credit available to that consumer. Inquiries without a new corresponding trade line and account are suggestive of a credit denial. The implications and direct damage to the report and scores are damage to plaintiff's property rights in her credit, reputation, credit reports, and credit scores.

24.

Plaintiff's privacy was likewise invaded by these illegal and impermissible inquiries.

25.

As a direct consequence of improper access and release of plaintiff's personal identifiers by VIN and MORGAN and the subsequent illegal, impermissible inquiries by co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, made under false pretenses, plaintiff sustained actual damages to her property rights and she sustained additional pecuniary and non-pecuniary damages.

26.

Co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, have violated the FCRA, 15 U.S.C. 1681b[f] and 1681q.

27.

VIN has violated plaintiff's privacy and impermissibly accessed information about plaintiff from one or more of the national consumer reporting agencies or some other protected data source, as plaintiff did not share her identifiers with VIN and VIN could not have obtained those identifiers otherwise.

28.

Due to MORGAN's partnership with its co-defendants for data, credit services and indirect lending services, MORGAN obtained information that was obtained impermissibly and illegally and then passed that information on to co-defendants, CHASE, TD-AUTO, WHITNEY, and BOFA, who in turn, made illegal credit inquiries and obtained plaintiff's personal, protected consumer [credit] reports from one or more of the national consumer reporting agencies.

29.

As a direct result of defendants' acts, plaintiff was denied consumer credit by BOFA in connection with her request for a consumer credit card.

30

All of plaintiff's damages were incurred and sustained in Webster Parish, Louisiana, as a consequence of the fault of the defendants which took place at different locations in and outside the State of Louisiana but aimed at and causing damage to plaintiff in Webster Parish, Louisiana.

31.

Defendants are liable unto plaintiff in the following respects and causes of action:

[a]   Negligence, lack of due care and breach of the duties owed to plaintiff;

[b]   Willful, or alternatively negligent, violations of the FCRA, 15 U.S.C. 1681, et. seq.;

[c]   Breach of user/subscriber contracts containing stipulations pour autrui;

[d]   Invasions of plaintiff's privacy and financial privacy;

[e]   Tortious damage to plaintiff's credit and loss of property rights and assets;

[f]   Unfair and deceptive trade practices; and

[g]   Other acts of fault to be proven at a trial on the merits.

32.

Defendants' respective acts, omissions and fault were a cause in fact and proximate cause of plaintiff's damages.

33.

The above and foregoing conduct, acts, omissions and fault of each defendant, as to each and every cause of action, proximately caused a variety of damages to Plaintiff, including but not limited to property damages, damage to her credit and reputation, lost credit opportunities, credit denial, credit delays, out-of-pocket expenses, anguish, pain and suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional distress, stress, fear of financial and personal security, attorneys' fees, and court costs, and other assessments proper by law, including damages allowed under the Louisiana Unfair Trade Practices Act [LUTPA], and other statutory, pecuniary, non-pecuniary, and exemplary damages as will be shown to be proper and warranted at the trial on the merits.

34.

Plaintiff is entitled to seek and does seek exemplary damages for willful violations of the FCRA, 15 U.S.C. 1681n, as well as attorneys' fees, litigation expenses, expert witness fees and costs, for any violation, willful or negligent under the FCRA, Secs. 1681n, 1681o.

35.

Plaintiff is entitled to seek and does seek to recover from Defendants all of Plaintiff's attorneys' fees and allowable costs under LUTPA.

36.

Plaintiffs respectfully seeks to recover from Defendants all other damages and awards, court costs, litigation expenses, expert witness fees, court reporter fees, and other necessary expenditures and losses in this cause under the facts and causes of action advanced herein.

WHEREFORE PLAINTIFF, FLOSSIE SEARS, PRAYS that this Honorable Court, after due proceedings, render judgment in their favor and against Defendants, VINSOLUTIONS, INC., MORGAN PONTIAC, INC., BANK OF AMERICA, N.A., TD AUTO FINANCE, LLC, CHASE BANK USA, N.A., and WHITNEY BANK, jointly, severally and in solido to the maximum possible extent, awarding all requested relief, damages and awards, together with litigation expenses and expert witness fees, and interest from demand, reasonable and provided for attorneys' fees incurred and all reasonable costs in bringing these proceedings, together with judicial interest on all awards from demand until paid in full.

FURTHER PRAYS for all general, equitable and otherwise proper relief.

Respectfully submitted:
BODENHEIMER, JONES & SZWAK, LLC

By: _____
**DAVID A. SZWAK, LBR#21157, TA**
416 Travis Street, Ste. 1404
Mid South Tower
Shreveport, Louisiana 71101
[318] 424-1400
FAX 221-6555
**ATTORNEYS FOR PLAINTIFF**

**SERVICE INFORMATION:**
*Please issue Long-Arm Citation and Petition directed to this defendant and provide it to plaintiff's counsel for service efforts:*
**VINSOLUTIONS, INC.,**
which may be served with process under the Louisiana Long-Arm statute through:
VINSOLUTIONS, INC., c/o President/CEO or other officer or director, 5700 Broadmoor, Mission, Kansas 66202; and

*Please issue Long-Arm Citation and Petition directed to this defendant and provide it to plaintiff's counsel for service efforts:*
**BANK OF AMERICA, N.A.,**
which may be served with process under the Louisiana Long-Arm statute through:
BANK OF AMERICA, N.A. c/o President/CEO or other officer or director, 101 Tryon Street, Charlotte, North Carolina 28255; and

[[**MORE SERVICE INFORMATION ON NEXT PAGE**]]

Page 8 of 9

*Please issue Long-Arm Citation and Petition directed to this defendant and provide it to plaintiff's counsel for service efforts:*
**CHASE BANK USA, N.A.,**
which may be served with process under the Louisiana Long-Arm statute through:
CHASE BANK USA, N.A. c/o President/CEO or other officer or director, 200 White Clay Center Drive, Newark, Delaware 19711; and

*Please serve:*
**MORGAN PONTIAC, INC.,**
which may be served with process through its designated and authorized agent for service of process in Louisiana:
Michael Morgan, 8757 Business Park Drive, Shreveport, Louisiana 71105; and

*Please serve:*
**TD AUTO FINANCE, LLC,**
which may be served with process through its designated and authorized agent for service of process in Louisiana:
CT CORPORATION SYSTEM, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808; and

*Please serve:*
**WHITNEY BANK,**
which may be served with process through its designated and authorized agent for service of process in Louisiana:
CT CORPORATION SYSTEM, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808.